# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Theadra Parker,

    Plaintiff,

v.

Computershare Incorporated, et al.,

    Defendants.

No. CV 25-02221 PHX CDB

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE STEPHEN M. McNAMEE**:

    Plaintiff, who proceeds pro se and *in forma pauperis*, has consented to the exercise of magistrate judge jurisdiction over this matter, which involves claims of employment discrimination. (ECF No. 7). On June 26, 2025, Plaintiff filed a complaint naming Computershare Inc., Specialized Loan Servicing LLC, Newrez LLC, and Shellpoint Mortgage Servicing, as defendants. (ECF No. 1). On August 4, 2025, prior to any defendant being served, Plaintiff filed an amended complaint, naming "Computershare/Specialized Loan Servicing," "Newrez LLC/Shellpoint Mortgage Servicing," and various individuals, as defendants. (ECF No. 10). Plaintiff did not serve either the Complaint nor the Amended Complaint on any defendant.

    Plaintiff filed the operative Second Amended Complaint on October 3, 2025. (ECF No. 13). The defendants named in the Second Amended Complaint are "Computershare Incorporated/Specialized Loan Servicing" and "Newrez LLC/Shellpoint Mortgage." (*Id.*). Counsel for Defendant "Newrez/Shellpoint Mortgage" ("Newrez")

accepted service on October 6, 2025. (ECF No. 15). Newrez agreed to magistrate judge jurisdiction over this matter. (ECF No. 22).

Service on Defendant "Computershare Incorporated/Specialized Loan Servicing" was required no later than September 24, 2025.

In an order issued November 7, 2025, Plaintiff was allowed until November 17, 2025, to show cause why Plaintiff's claims against Defendant Computershare Incorporated/Specialized Loan Servicing should not be dismissed for Plaintiff's failure to serve this defendant within the time specified by the Federal Rules of Civil Procedure. (ECF No. 24).

On November 14, 2025, Defendant Newrez answered the Second Amended Complaint (ECF No. 25) and filed its corporate disclosure statement in compliance with Rule 7.1(a)(1) of the Federal Rules of Civil Procedure, indicating "Newrez LLC d/b/a Shellpoint Mortgage Servicing is a wholly-owned subsidiary of Newrez Holdings LLC." (ECF No. 26 at 4). Defendant further advised:

> 2. Newrez Holdings LLC is a wholly-owned subsidiary of NRM Acquisition LLC and NRM Acquisition II LLC, both of which are Delaware limited liability companies.
> 3. Both NRM Acquisition LLC and NRM Acquisition II LLC are wholly-owned subsidiaries of New Residential Mortgage LLC, a Delaware limited liability company.
> 4. New Residential Mortgage LLC is a wholly-owned subsidiary of Rithm Capital Corp. f/k/a New Residential Investment Corp. Rithm Capital Corp. is a Delaware corporation.
> 5. Rithm Capital Corp. is publicly traded on the New York Stock Exchange under the ticker symbol RITM and was previously traded under the ticker symbol NRZ.

(*Id.*).

On November 17, 2025, in a response to the Order to Show Cause at ECF No. 27, Plaintiff asserts she has had difficulty serving Defendant Computershare/Specialized Loan Servicing. (ECF No. 27). Plaintiff avers:

> 1. Plaintiff was initially employed by Computershare's Specialized Loan Servicing ("SLS") as a Customer Care Associate I from February 20, 2024 through May 1, 2024.

> 2. Before accepting the employment offer, Plaintiff was informed that Computershare intended to sell its U.S. mortgage-services business, including SLS, to Newrez LLC, a member of the Rithm Capital Corporation family of companies.
> 3. On October 2, 2023, Computershare Inc and Rithm Capital executed an Asset Purchase Agreement involving Computershare Mortgage Services Inc. and Specialized Loan Servicing LLC.
> 4. The transaction closed on May 1, 2024, at which time Computershare Specialized Loan Servicing LLC and other assets merged operationally into Newrez LLC.
> 5. Following this merger and transfer of assets, the SLS corporate structure, departments, and personnel underwent transition, and publicly available corporate contact information-including registered agent information became unclear or outdated.
> 6. Plaintiff made a good-faith effort to identify the correct corporate entity and registered agent for Computershare/Specialized Loan Servicing during and after the transition period. Plaintiff reasonably believed that service on Newrez LLC/Shellpoint Mortgage Servicing was servicing Computershare Inc. If the new corporate structure did not encompass Computershare Inc., Plaintiff reasonably believed Newrez LLC would provide constructive notice to Computershare Inc.
> 7. Because Computershare and SLS ceased independent operations and was absorbed into Newrez LLC, with SLS now servicing loans under the name of Newrez LLC's loan servicing platform Shellpoint Mortgage Servicing during Plaintiff's employment period-and because new ownership assumed all assets and operations–Plaintiff encountered material difficulty determining the proper entity and address for service.
> ***
> 9. Plaintiff requests an extension of time for service pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 6(b) due to the corporate restructuring and resulting uncertainty.
> 10. Plaintiff is prepared to immediately serve Computershare Inc. at its located registered agents address to the extent the Court deems it a legally distinct entity post-merger.
> 11. Dismissing Computershare/SLS at this stage would prejudice Plaintiff, particularly because Plaintiff's claims arise from actions taken while the entity was still operating under Computershare, prior to the transfer to Newrez.

(ECF No. 27).

In an order entered November 19, 2025, the Court ordered Defendant Newrez to review Plaintiff's response to the Order to Show Cause and file a notice taking a specific

- 3 -

legal position as to the corporate status or separate corporate status of Computershare Incorporated and Specialized Loan Servicing, i.e., whether both or either of these entities have been subsumed by Defendant Newrez such that any judgment against Computershare Incorporated or any judgment against Specialized Loan Servicing would be, in effect, a judgment against Newrez, or a parent or holding company of Newrez. Defendant was also required to state whether effective service on Defendant Newrez, or its parent company Rithm Capital Corporation, would constitute effective service on Computershare Incorporated ("Computershare" and/or Specialized Loan Servicing. (ECF No. 28)

In response to the order at ECF No. 28 Defendants aver:

(1) It is Defendant's legal position that Computershare and Newrez are and remain separate legal entities and are wholly unrelated. Computershare has not been subsumed by Defendant Newrez, by merger or otherwise, and remains a separate corporate entity unrelated to Defendant Newrez. Any judgment against Computershare would not be a judgment against Newrez, and nor would a judgment against Computershare be a judgment against Newrez's parent company, holding company, or other companies affiliated with Newrez. Computershare is an independent, separate entity and exists following the transaction merging SLS into Newrez.

(2) It is Defendant's legal position that SLS has been subsumed by Newrez through a corporate acquisition effective April 30, 2024 (the "Merger Date"). In other words, SLS was acquired and then merged into Newrez on the Merger Date. Consequently, any judgment against SLS in this case would technically and legally be a judgment against Newrez as its successor. However, a judgment against Defendant Newrez would not be a judgment against Newrez's parent or related affiliated companies, as these are separate legal entities.

(3) Defendant states that effective service on Defendant Newrez (or affiliated company, including parent company Rithm Capital Corporation), would not constitute effective service on Computershare.

(4) Defendant states that because Defendant Newrez subsumed SLS, as defined above, on the Merger Date, effective service upon Defendant Newrez would constitute effective service on SLS. However, SLS has been fully merged into Newrez and does not otherwise exist as an independent corporate entity following the Merger Date.

(5) Defendant further states that Plaintiff has asserted claims against "Computershare/Specialized Loan Servicing", which has caused confusion.

> If Plaintiff intends to sue Computershare, Newrez takes the position that Plaintiff must affirmatively serve Computershare, and that Newrez has not accepted, and will not, and cannot accept service on behalf of Computershare. More broadly, Newrez has not answered and cannot and will not answer allegations in the Complaint (or otherwise) on behalf of Computershare. To the contrary, SLS is no longer a separate and distinct legal entity from Newrez. Consequently, as Newrez is the successor for SLS, Newrez has effectively answered and assumed the responsibility of answering for SLS, as SLS has been fully merged into Newrez on the Merger Date and does not otherwise exist as an independent corporate entity following the Merger Date.

(ECF No. 29 at 2-4)

Because, based on Plaintiff's response to the Order to Show Cause and the notice at ECF No. 29, Plaintiff appeared to be aware of the information necessary to effect service on Computershare and Plaintiff sought additional time to effect service on Computershare, in an order entered December 2, 2025, Plaintiff was allowed until December 22, 2025, to effect service on Computershare. (ECF No. 30).

"Pro se litigants must follow the same rules of procedure that govern other litigants," including effecting service of process on each named defendant. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). To date there is no indication in the docket in this matter that Plaintiff has effected service of a summons and any complaint on Computershare, or that Computershare has actual knowledge of these proceedings. Plaintiff's failure to serve Computershare is hindering further proceedings in this case because the Magistrate Judge may not proceed with this case absent the consent of all of the parties, and all of the other parties have consented to magistrate judge jurisdiction. Plaintiff has failed to show cause for her failure to serve Computershare with a complaint and a summons.

Accordingly,

**IT IS RECOMMENDED that** "Computershare Incorporated" be dismissed as a defendant in this matter, and that all of Plaintiff's claims as only against "Computershare Incorporated" as stated in the operative Second Amended Complaint be dismissed

without prejudice for Plaintiff's failure to serve this defendant in compliance with Rule 4 of the Federal Rules of Civil Procedure and the Court's order requiring service of a summons and the Second Amended Complaint on Computershare Incorporated no later than December 22, 2025.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b)(2), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2(e)(3), Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length.

Dated this 6th day of January, 2026.

_____
Camille D. Bibles
United States Magistrate Judge