1
2
3
4
5
6                     **IN THE UNITED STATES DISTRICT COURT**
7                        **FOR THE DISTRICT OF ARIZONA**
8
9   Theadra Parker,                          No. CV-25-02221-PHX-CDB

10              Plaintiff,                    **ORDER**

11  v.

12  Computershare Incorporated, et al.,

13              Defendants.

14

15          This matter was assigned to Magistrate Judge Camille D. Bibles. (Doc. 3). On

16  January 6, 2026, the Magistrate Judge filed a Report and Recommendation with this

17  Court.[1] (Doc. 32). To date, no objections have been filed. The Magistrate Judge

18  recommends that "Computershare Incorporated" be dismissed as a defendant in this

19  _____

20  [1]     This case is assigned to a Magistrate Judge. However, not all parties have
    consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court
21  pursuant to General Order 21-25, which states in relevant part:

22          When a United States Magistrate Judge to whom a civil action has been
            assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be
23          appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1)
            due to incomplete status of election by the parties to consent or not consent
24          to the full authority of the Magistrate Judge,

25          **IT IS ORDERED** that the Magistrate Judge will prepare a Report and
            Recommendation for the Chief United States District Judge or designee.
26
            **IT IS FURTHER ORDERED** designating the following District Court
27          Judges to review and, if deemed suitable, to sign the order of dismissal on
            my behalf:
28
            Phoenix/Prescott: Senior United States District Judge Stephen M.
            McNamee

matter, and that all of Plaintiff's claims as only against "Computershare Incorporated" as stated in the operative Second Amended Complaint be dismissed without prejudice for Plaintiff's failure to serve this defendant in compliance with Rule 4 of the Federal Rules of Civil Procedure and the Court's order requiring service of a summons and the Second Amended Complaint on Computershare Incorporated no later than December 22, 2025. (Doc. 32 at 5-6).

### STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

### DISCUSSION

Having reviewed the Report and Recommendation of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation. (Doc. 32).

Even though there was confusion over whether Computershare Incorporated is the same entity as Defendant Newrez LLC ("Newrez") after the merger of Defendant Specialized Loan Servicing LLC and Newrez, Plaintiff still has not submitted proof of proper service pursuant to Rule 4 of the Federal Rules of Civil Procedure despite Newrez clarifying that Computershare Incorporated is an independent corporate entity. (Doc. 29). Also, the Court notes that since the Magistrate Judge filed the Report and Recommendation, on January 14, 2026, Plaintiff submitted an incomplete summons that

does not contain an address for Computershare Incorporated to the Clerk of Court and did not submit proof of service. (See Docs. 33, 34). Thus, the Court cannot still determine if Plaintiff properly served Computershare Incorporated.

Moreover, the Court agrees with the Magistrate Judge that Computershare Incorporated should be dismissed as a defendant in this matter, and that all of Plaintiff's claims against Computershare Incorporated as stated in the operative Second Amended Complaint should be dismissed without prejudice for Plaintiff's failure to serve this defendant in compliance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. 32).

## CONCLUSION

Accordingly, for the reasons set forth,

**IT IS ORDERED adopting** the Report and Recommendation of the Magistrate Judge. (Doc. 32).

**IT IS FURTHER ORDERED dismissing** Computershare Incorporated as a defendant in this matter.

**IT IS FURTHER ORDERED dismissing** all of Plaintiff's claims as only against Computershare Incorporated as stated in the operative Second Amended Complaint **without prejudice**. (Doc. 13).

Dated this 21st day of January, 2026.

Stephen M. McNamee
Senior United States District Judge