**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Theadra Parker,

        Plaintiff,

v.

Specialized Loan Servicing LLC, et al.,

        Defendants.

No. CV-25-02221-PHX-CDB

**ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Adopting the Report and Recommendation of the Magistrate Judge. (Doc. 39).[1] The Motion is fully briefed. (Docs. 39; 46). For the reasons set forth, the Court denies Plaintiff's Motion. (Doc. 39).

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

## I.      BACKGROUND

Plaintiff, who proceeds pro se and *in forma pauperis*, has consented to the exercise of magistrate judge jurisdiction over this matter, which involves claims of employment discrimination. (Doc. 7). On June 26, 2025, Plaintiff filed a complaint naming Computershare Inc., Specialized Loan Servicing LLC, Newrez LLC, and Shellpoint Mortgage Servicing, as defendants. (Doc. 1). On August 4, 2025, prior to any defendant being served, Plaintiff filed an amended complaint, naming "Computershare/Specialized Loan Servicing," "Newrez LLC/Shellpoint Mortgage Servicing," and various individuals, as defendants. (Doc. 10). Plaintiff did not serve either the Complaint nor the Amended Complaint on any defendant.

Plaintiff filed the operative Second Amended Complaint on October 3, 2025. (Doc. 13). The defendants named in the Second Amended Complaint are "Computershare Incorporated/Specialized Loan Servicing" and "Newrez LLC/Shellpoint Mortgage." (Id.). Counsel for Defendant "Newrez/Shellpoint Mortgage" ("Newrez") accepted service on October 6, 2025. (ECF No. 15). Newrez agreed to magistrate judge jurisdiction over this matter. (Doc. 22).

Service on Defendant "Computershare Incorporated/Specialized Loan Servicing" was required no later than September 24, 2025. In an order issued November 7, 2025, Plaintiff was allowed until November 17, 2025, to show cause why Plaintiff's claims against Defendant Computershare Incorporated/Specialized Loan Servicing should not be dismissed for Plaintiff's failure to serve this defendant within the time specified by the Federal Rules of Civil Procedure. (Doc. 24).

On November 14, 2025, Defendant Newrez answered the Second Amended Complaint (Doc. 25) and filed its corporate disclosure statement in compliance with Rule 7.1(a)(1) of the Federal Rules of Civil Procedure, indicating "Newrez LLC d/b/a Shellpoint Mortgage Servicing is a wholly-owned subsidiary of Newrez Holdings LLC." (Doc. 26 at 4). On November 17, 2025, in a response to the Order to Show Cause at Doc. 27, Plaintiff contends that she has had difficulty serving Defendant

Computershare/Specialized Loan Servicing. (Doc. 27).

In an order entered November 19, 2025, the Court ordered Defendant Newrez to review Plaintiff's response to the Order to Show Cause and file a notice taking a specific legal position as to the corporate status or separate corporate status of Computershare Incorporated and Specialized Loan Servicing, i.e., whether both or either of these entities have been subsumed by Defendant Newrez such that any judgment against Computershare Incorporated or any judgment against Specialized Loan Servicing would be, in effect, a judgment against Newrez, or a parent or holding company of Newrez. Defendant was also required to state whether effective service on Defendant Newrez, or its parent company Rithm Capital Corporation, would constitute effective service on Computershare Incorporated ("Computershare" and/or Specialized Loan Servicing. (Doc. 28). Defendants take the position that they are separate legal entities. (Doc. 29).

On January 6, 2026, the Magistrate Judge filed a Report and Recommendation with this Court recommending that "Computershare Incorporated" be dismissed as a defendant in this matter, and that all of Plaintiff's claims as only against "Computershare Incorporated" as stated in the operative Second Amended Complaint be dismissed without prejudice for Plaintiff's failure to serve this defendant in compliance with Rule 4 of the Federal Rules of Civil Procedure and the Court's order requiring service of a summons and the Second Amended Complaint on Computershare Incorporated no later than December 22, 2025. (Doc. 32 at 5-6). No objections were filed. On January 21, 2026, this Court adopted the Magistrate Judge's Report and Recommendation. (Doc. 35).

On February 12, 2026, Plaintiff filed the instant Motion for Reconsideration of this Court's Order adopting the Report and Recommendation of the Magistrate Judge. (Doc. 39). On February 27, 2026, Defendants filed a response. (Doc. 46).

## II.    LEGAL STANDARD

It is within the Court's discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994). However, motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new

facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g); see Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). Disagreement with an order is an insufficient basis for reconsideration nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. See Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988).

### III.    DISCUSSION

Plaintiff contends that she acted diligently and has now cured all service defects and requests relief under Fed R. Civ. P. 4(m) and 60(b). (Doc. 39 at 1-2). Plaintiff further contends that she served Computershare Incorporated via USPS certified mail on December 22, 2025 with the Second Amended Complaint and Forms AO-398 and AO-399, filed Form AO-440 and the summons on January 15, 2026, re-served Computershare with the Complaint, summons, and waiver forms on January 15, 2026, and submitted a corrected AO-440 form on February 12, 2016. (Id.)

In response, Defendants contend that this Court was correct when it adopted the Magistrate Judge's Report and Recommendation because Plaintiff failed to meet the service deadlines. (Doc. 46 at 3). Further, Defendants take no position on Plaintiff's request for relief in her Motion for reconsideration because Defendant Newrez is a separate entity and is unable to respond to pleadings on behalf of Computershare. (Id.)

Service must be accomplished by an adult who is not a party to the case. See Fed. R. Civ. P. 4(c)(2). Under Federal Rule 4(h)(1)(B), service of process can be effected on a corporation through delivery of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). "When serving a corporation, Rule 4(h) requires

personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." Gray v. Saks Fifth Ave. LLC, No. CV-20-01987-PHX-JJT, 2021 WL 5112055, at *2 (D. Ariz. Nov. 3, 2021) (citations omitted). Alternatively, the plaintiff may serve a corporate defendant in the manner prescribed for serving individuals, which permits service by following state law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1). Here, the district court is located in Arizona.

Under Arizona law, service on a corporation outside of Arizona may be accomplished as follows:

> If a domestic or foreign corporation, partnership, or other unincorporated association has the legal capacity to be sued and has not waived service under Rule 4.1(c), it may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Ariz. R. Civ. Pro. 4.2. Further, a plaintiff's pro se status does not excuse her from compliance with Federal Rule of Civil Procedure Rule 4. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

Because Defendant Computershare Incorporated is a corporation located within the United States, Plaintiff was required to serve Defendant Computershare pursuant to Federal Rule of Civil Procedure 4(h) or 4(e), as described above. Here, Plaintiff allegedly has attempted to serve Defendant Computershare by mailing a copy of the summons and complaint via USPS certified mail to the company's headquarters in Canton, Massachusetts. (Doc. 39). Plaintiff has not provided any documentation supporting that individual who received the certified mail is an agent authorized by appointment or by law to receive service on behalf of Defendant Computershare. (Id.) Accordingly, Plaintiff has failed to demonstrate the validity of her service of process and the Court, therefore, denies Plaintiff's Motion for Reconsideration. (Doc. 39); see LRCiv 7.2(g)(1) ("The

Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.").

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Reconsideration. (Doc. 39).

Dated this 10th day of March, 2026.

_____
Stephen M. McNamee
Senior United States District Judge

- 6 -